02D03-2208-CT-000370

Allen Superior Court 3

Filed: 8/3/2022 6:21 PM
Clerk
Allen County, Indiana
BB

| STATE OF INDIANA | ) | | IN THE ALLEN SUPERIOR COURT |
| --- | --- | --- | --- |
| | ) | SS: | |
| COUNTY OF ALLEN | ) | | CAUSE NO._____ |

SHEILA MOSER,  )
             )
    Plaintiff, )
             )
v.           )
             )
HEALTHCARE THERAPY )
SERVICES, INC., )
             )
    Defendant. )

## COMPLAINT

COMES NOW Plaintiff, by counsel, and alleges against Defendant as follows:

1. The Plaintiff is Sheila A. Moser, an employee of the Defendant's at all material times to this Complaint.

2. The Defendant is Healthcare Therapy Services, Inc., a company doing business at 1411 West County Line Road, Suite A, Greenwood, Indiana 46142, and at 1500 American Way, Suite 110, Greenwood, Indiana 46143. The Defendant's Registered Agent is Barry Chatham, at 1411 West County Line Road, Suite A, Greenwood, Indiana 46142-5151. At all material times to this Complaint, Defendant was an "employer" for purposes of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101 *et seq*. ("ADA").

3. Plaintiff filed a Charge of Discrimination with the EEOC on or about October 6, 2021, a copy of which is attached hereto, made a part hereof, and incorporated herein as Exhibit "A". The EEOC issued a Dismissal and Notice of Rights to Sue on May 5,

–1–

2022, a copy of which is attached hereto as Exhibit "B". All administrative remedies have been exhausted and all jurisdictional prerequisites have been met for the filing of this lawsuit.

4. Plaintiff was employed by Defendant from 2004 until her wrongful termination by constructive discharge in April of 2021. At all material times to this Complaint, Plaintiff suffered from a serious medical condition (multiple sclerosis) that constituted a disability/perceived disability/ record of impairment under the ADA. As part of her disability, Plaintiff suffered periods of severe fatigue, back pain, leg pain, and difficulty walking, which was triggered by and also exacerbated by stress. Nevertheless, Plaintiff performed within the reasonable expectations of the Defendant at all material times.

5. Plaintiff worked at several of Defendant's facilities during her employment, and held the position of Occupational Therapy Assistant at Defendant's Lutheran Life Villages facility in Fort Wayne Indiana at the time of separation from employment.

6. While working for Defendant at Lutheran Life Villages in Fort Wayne, including during her final year of employment by the Defendant, Plaintiff was repeatedly singled out for harassment the facility's Head Supervisor/ Rehabilitation Manager. Plaintiff was for example, repeatedly yelled at and denigrated in front of her patients, coworkers and other managers, at ties on a near daily basis, and Plaintiff was subjected to unfair over-scrutiny of her work and made to feel she was required to meet a higher performance standard than her similarly situated coworkers that lacked a disability or serious health constituting a perceived disability or record of impairment. The

–2–

facility's head Supervisor's/Rehabilitation Manager's behavior towards Plaintiff was so abusive at time, that other employees actually complained on Plaintiff's behalf to the Defendant about the discriminatory and harassing treatment the Plaintiff received. However, Defendant failed to take adequate steps to end the discriminatory and harassing mistreatment of the Plaintiff.

7. By way of background:

   a. In 2018, Plaintiff complained to one of Defendant's managers about the continued and regular harassing and discriminatory behavior of the Rehabilitation Manager. Again, Defendant failed to take any steps to put an end to the discrimination and mistreatment of the Plaintiff, and in fact, the mistreatment got worse, in retaliation for Plaintiff's complaint.

   b. In 2019, Plaintiff again complained to Defendant's management about the facility's Rehabilitation Manager, and informed Defendant that the discriminatory, harassing, and retaliatory treatment (including verbal abuse, over-scrutiny) she was receiving was taking a toll on her physical and emotional health. A meeting was then held between the Rehabilitation Manager, Plaintiff, and the Plaintiff's supervisor, no improvement occurred and the harassment continued, now on near a daily basis.

   c. The harassing and verbally abusive mistreatment of the Plaintiff continued in 2020 and 2021. In 2020, the Rehabilitation Manager made the false allegation to the Plaintiff's supervisor that Plaintiff was the only "therapist" that residents refused to see. In addition, in 2020 and 2021, the Plaintiff's coworkers once

    complained to the Defendant to management about the discriminatory treatment of the Plaintiff at the hands of their Rehabilitation Manager. Again, insufficient action was taken by the Defendant to address the verbal abuse and unfair treatment to which Plaintiff was targeted due to her disability.

8. During early 2021 the Plaintiff continued to be subjected to frequent verbal harassment, over-scrutiny, and also was given extra work assignments by the Rehabilitation Manager, for duties that if appropriately assigned (by information and belief) would not have fallen to an Occupational Therapy Assistant. For example, on multiple occasions form January to early April 20021, the Plaintiff was assigned to pick up the facility's gym area. She was also again verbally abused, such as during an incident on March 11, 2021 in which the Rehab Manager yelled at the Plaintiff, while Plaintiff and a coworker were bathing a resident.

9. In early April of 2021, Plaintiff submitted a request to Defendant to be transferred due to the stress of the discriminatory and harassing treatment she was experiencing, which in turn was significantly exacerbating the symptoms of her multiple sclerosis. Plaintiff explained to her supervisor that she believed the Rehabilitation Manager was discriminating against her, and words to the effect that she couldn't take the discrimination and harassment any longer, and that if she wasn't granted a transfer she would need to leave her job.

10. The requested transfer was a reasonable accommodation for the Plaintiff's disability. Defendant however failed to offer or suggest an alternative accommodation to the Plaintiff instead of the requested transfer and failed to engage in the interactive process

to try and find a reasonable accommodation for Plaintiff. The Defendant denied the Plaintiff's request for transfer, and told the Plaintiff to write a short letter of resignation giving two weeks' notice to the Defendant.

11. After that, due to the continued discrimination and harassment, and its effects on Plaintiff's symptoms from her disability, Plaintiff submitted a 2-weeks' notice of her resignation, since the work environment was now so hellish that she needed a different work environment in order to maintain reasonable health and sanity.  In her resignation letter, she included (again) her complaint of ongoing harassment and her dissatisfaction of the Defendant's failure to take necessary action to end the harassment or hold the Rehabilitation Manager accountable for her discriminatory or harassing conduct. Plaintiff also spoke to a representative from the Human Resources Department and explained the ongoing issues with harassment and discrimination.

12. Plaintiff was terminated by way of constructive discharge, effective on or about April 16, 2021.

13. Plaintiff alleges that Defendant discriminated against her, harassed her, and terminated her by way of constructive discharge after failing to grant her reasonable accommodations (including a transfer to a different department or facility), all in violation of Plaintiff's rights under the ADA.  She also alleges the Defendant denied her reasonable accommodations for her disability, and failed to engage in the interactive process with her.

14. Defendant's wrongful and unlawful conduct was the direct and proximate cause of the Plaintiff suffering the loss of her job and job-related benefits including income, and

also subjected Plaintiff to mental anguish, inconvenience, emotional distress, and other damages and injuries.

15. Defendant's conduct was intentional, knowing, willful, wanton, and in reckless disregard of Plaintiff's federally protected rights under the ADA warranting an imposition of punitive damages.

WHEREFORE, Plaintiff prays for judgment against the Defendant for compensatory damages, punitive damages, reasonable attorney's fees and costs, and for all other just and proper relief in the premises.

## JURY DEMAND

Pursuant to Rule 38 of the Indiana Rules of Trial Procedure, Plaintiff demands a trial by jury in this action.

Respectfully submitted,

**MYERS SMITH WALLACE, LLP**

/s/ Christopher C. Myers
Christopher C. Myers, #10043-02
809 South Calhoun Street, Suite 400
Fort Wayne, IN 46802
Telephone:   (260) 424-0600
Facsimile:   (260) 424-0712
E-mail:      cmyers@myers-law.com
Counsel for Plaintiff